1  MARK J. BOURASSA, ESQ.
   Nevada Bar No. 7999
2  TRENT L. RICHARDS, ESQ.
   Nevada Bar No. 11448
3  **THE BOURASSA LAW GROUP**
4  7575 Vegas Drive, Suite 150
   Las Vegas, Nevada 89128
5  Tel: (702) 851-2180
   Fax: (702) 851-2189
6  Email: mbourassa@blgwins.com
7          trichards@blgwins.com
   *Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL BOYLE; WILLIAM BIGELOW; DARRYL DAUENHAUER; HORST DZIURA; GARY GREGG; WILLIAM HARLAND; PAUL HOUDAYER; CHRISTOPHER NORDLING; WILLIAM SHERLOCK; AND FERENC SZONY, | **Case No.: 2:16-cv-02250-RFB-NJK** |
| Plaintiffs, | |
| vs. | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| HILTON HOTELS CORPORATION N/K/A HILTON WORLDWIDE, INC. – U.S. APPEALS COMMITTEE, HILTON HOTELS RETIREMENT BENEFIT REPLACEMENT PLAN, AND HILTON SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN, | **AS AMENDED** |
| Defendants. | |

Plaintiffs MICHAEL BOYLE; WILLIAM BIGELOW, DARRYL DAUENHAUER, HORST DZIURA, GARY GREGG, WILLIAM HARLAND, PAUL HOUDAYER, CHRISTOPHER NORDLING, WILLIAM SHERLOCK, AND FERENC SZONY ("Plaintiffs") and Defendants HILTON HOTELS CORPORATION N/K/A HILTON WORLDWIDE, INC.[1] –

---

[1] For purposes of this litigation, Hilton Domestic Operating Company Inc. is the successor in interest to Hilton Worldwide, Inc. f/k/a Hilton Hotels Corporation. This change resulted from a corporate transaction which occurred in January 2017.

U.S. APPEALS COMMITTEE, HILTON HOTELS RETIREMENT BENEFIT REPLACEMENT PLAN, AND HILTON SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN, ("Defendants") (together, the "Parties"), by and through their respective counsel, have stipulated to the terms of this Confidentiality Agreement and Protective Order.

This Confidentiality Agreement and Protective Order is designed to preserve the confidentiality of information contained in documents produced pursuant to the terms of this Protective Order and certain testimony given by witnesses in this case.

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties and pursuant to the Court's authority under the Federal Rules of Civil Procedure, STIPULATED and ORDERED that:

## TERMS OF CONFIDENTIALITY AGREEMENT

The Parties hereby stipulate and agree that the production of documents in the above-entitled action, while not necessarily confidential between the Parties to this litigation, are confidential as to any other party not part of this litigation. The Parties therefore agree to produce documents in their "raw form" to each other, that being unredacted documents as to an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number.

The Parties further stipulate and agree that each Party will take all steps necessary to appropriately protect and redact any sensitive information in accordance with Fed.R.Civ.P. 5.2 and Local Rule LR IC 6-1 prior to disseminating the documents, filing the documents with the Court, or utilizing the documents in this litigation.

The Party utilizing any document produced in this litigation must refrain from including— or must partially redact, where inclusion is necessary—the following personal-data identifiers from

The parties shall comply with Rule 5.2 of the Federal Rules of Civil Procedure and Local Rule IC 6-1.

1  ~~all documents filed with the court, including exhibits, whether filed electronically or in paper,~~

2  ~~unless the court orders otherwise:~~

3  ~~(1)    Social Security Numbers. If an individual's Social Security number must be~~

4  ~~included, only the last four digits of that number should be used.~~

5

6  ~~(2)    Names of Minor Children. If the involvement of a minor child must be mentioned,~~

7  ~~only the initials of that child should be used.~~

~~(3)    Dates of Birth. If an individual's date of birth must be included, only the year should~~
~~be used.~~

~~financial Account Numbers. If financial account numbers must be included, only~~

11  ~~the last four digits of these numbers should be used.~~

12

13  ~~(5)    Home Addresses. If a home address must be included, only the city and state should~~

14  ~~be listed.~~

15  ~~(6)    Tax Identification Number. If a tax identification number must be used, only the~~

16  ~~last four digits of that number should be used.~~

17  ~~A Party making a redacted filing also may file an unredacted copy under seal. The~~

18  ~~document must contain the following heading in the document: "SEALED DOCUMENT UNDER~~

19  ~~FED. R. CIV. P. 5.2" or "SEALED DOCUMENT UNDER FED. R. CRIM. P. 49.1," as~~

20  ~~appropriate. This document must be retained by the court as part of the record until further court~~

21

22  ~~order. But the court may still require the party to file a redacted copy for the public record.~~

23                    **<u>TERMS OF PROTECTIVE ORDER</u>**

24        Documents and testimony and other information may be deemed to be "CONFIDENTIAL"

25  as set forth below and shall be so designated in accordance with this Protective Order.

26        1.    This Protective Order shall apply to all documents, materials, and information,

27  including, without limitation, documents produced, answers to interrogatories, responses to

28

{000005-035897 00255638.DOCX; 1}

requests for admission, deposition testimony, and other information disclosed or produced pursuant to the disclosure or discovery duties created by Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. Proc. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the privacy interests of Plaintiffs, Defendant, or third parties to this litigation and/or information contained in confidential business records, personnel records, documents, materials and communications. CONFIDENTIAL information shall not be disclosed or used for any purpose except in the preparation and trial of this case.

4.     CONFIDENTIAL documents, materials, testimony and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

        a.     attorneys who are actively working on this case;
        b.     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or other proceedings;
        c.     the Parties, including their agents, lawyers, and legal professionals;
        d.     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings;
        e.     the Court ~~in this case~~ and its employees ("Court Personnel");
        f.     stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this case;
        g.     deponents; and
        h.     other persons by written agreement of the Parties.

5.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, lawyers and legal professionals employed by the Parties, Court Personnel, videographers and stenographic reporters), the Parties shall provide such person with a copy of this Protective Order and obtain from such person a written

acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. Such written acknowledgment shall be in the form as provided in Exhibit A to this Stipulated Protective Order, attached hereto and incorporated herein. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL," or by designating them as "CONFIDENTIAL" in correspondence from counsel to the party producing documents. Defendant may designate documents produced by Plaintiff as CONFIDENTIAL if they are documents that were originally produced or created as records of Defendant.

7.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the stenographic reporter of the completion of the transcript.

8.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information within ten (10) business days after being notified of the designation. The written notice shall identify the information to which the objection is made and the specific basis for such objection. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party challenging the designation to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective

Order.   If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

~~9.          Any pleadings, motions or other documents, or portions thereof, containing CONFIDENTIAL information that are filed with the Court, as well as any exhibits containing~~

See order issued concurrently herewtih. ~~, information that are attached to any pleadings, motions or other documents that are filed with the Court, shall be labeled "CONFIDENTIAL" and filed under seal in accordance with District of Nevada Local Rule 10-5.~~

10.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL within forty-five (45) days of conclusion of the action, or the parties may elect to destroy CONFIDENTIAL documents.  Where the Parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all Parties with an affidavit confirming the destruction within forty-five (45) days after conclusion of the action.

///

///

///

///

///

///

///

///

{000005-035897 00255638.DOCX; 1}

11.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 19th day of April 2017.         DATED this 19th day of April 2017.

**THE BOURASSA LAW GROUP**              **ALSTON & BIRD LLP**

By:   /s/ Mark J. Bourassa, Esq.          By:   /s/ Patrick C. Dicarlo, Esq.
      MARK J. BOURASSA, ESQ.                    PATRICK C. DICARLO, ESQ.
      Nevada Bar No. 7999                       Admitted Pro Hac Vice
      TRENT L. RICHARDS, ESQ.                   1201 W Peachtree St
      Nevada Bar No. 11448                      Atlanta GA 30309
      7575 Vegas Drive, Suite 150               *Attorneys for Defendants*
      Las Vegas, Nevada 89128
      *Attorneys for Plaintiffs*

IT IS SO ORDERED.
Dated:  April 28, 2017

_____
United States Magistrate Judge
Case No.: 2:16-cv-02250-RFB-NJK

{000005-035897
00255638.DOCX;
1}

**EXHIBIT A:**

**WRITTEN ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has carefully and completely read the Stipulated Protective Order in the pending litigation between Plaintiffs MICHAEL BOYLE, WILLIAM BIGELOW, DARRYL DAUENHAUER, HORST DZIURA, GARY GREGG, WILLIAM HARLAND, PAUL HOUDAYER, CHRISTOPHER NORDLING, WILLIAM SHERLOCK, AND FERENC SZONY and Defendant HILTON HOTELS CORPORATION N/K/A HILTON WORLDWIDE, INC. – U.S. APPEALS COMMITTEE, HILTON HOTELS RETIREMENT BENEFIT REPLACEMENT PLAN, AND HILTON SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN; that he/she is one of the persons contemplated in Paragraph 4 of the Stipulated Protective Order; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Protective Order. The undersigned consents to the jurisdiction of the United States District Court for the District of Nevada for purposes of enforcing this Stipulated Protective Order.

Date: _____

_____
Signature

_____
Title or Position

_____
Printed Name

_____
Telephone Number

{000005-035897
00255638.DOCX;
1}